FILED

**May 6, 2015**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 7:15 AM**



## COURT OF WORKERS' COMPENSATION CLAIMS
### DIVISION OF WORKERS' COMPENSATION

| | |
|---|---|
| **EMPLOYEE: DAVID CARDACIOTTO** | **DOCKET #:   2014-06-0048** |
| | **STATE FILE #: 82526-2014** |
| **EMPLOYER: FEDEX OFFICE** | **DATE OF INJURY: Sept. 5, 2014** |

**INSURANCE CARRIER:   SELF-INSURED**

### <u>EXPEDITED HEARING ORDER</u>

THIS CAUSE came before the Court upon the Request for Expedited Hearing filed on February 25, 2015, by David Cardaciotto, the employee, pursuant to Tennessee Code Annotated section 50-6-239.  The Court convened an in-person evidentiary hearing on March 24, 2015. Attorney Sarah Reisner represented FedEx Office (FedEx) the employer, and Mr. Cardaciotto proceeded *pro se*. Upon review of Mr. Cardaciotto's request for expedited hearing, the evidence presented at the hearing, and in consideration of the applicable law, the Court finds that Mr. Cardaciotto is entitled to medical benefits.

### ANALYSIS

#### Issue

Whether FedEx should be required to provide Mr. Cardaciotto medical treatment for his hernia injury.

#### Evidence Submitted

The Court received and considered the following evidence:

    A.  October 14, 2014 email from Mr. Cardaciotto to Michelle Galbreath
    B.  First Report of Injury
    C.  Wage Statement
    D.  Affidavit of Leticia Abernathy
    E.  Medical Records from Faith Family Medical Clinic
    F.  Medical Records from Concentra Medical Centers
    G.  Petition for Benefit Determination
    H.  Dispute Certification Notice
    I.  November 14, 2014 letter from Mr. Cardaciotto to Ms. Galbreath.

1

The Court designates the following as the technical record:

- Petition for Benefit Determination
- Dispute Certification Notice
- Request for Expedited Hearing.

The Court did not consider attachments to the above filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in the above filings as allegations unless established by the evidence.

**History of Claim**

Mr. Cardaciotto testified that he was processing and shipping packages at the FedEx Office in Brentwood on September 5, 2014. When processing the package for shipment, his job duties included taking the packages from the customers at the counter, weighing them and transporting them to another area of the facility. After his lunch break, Mr. Cardaciotto resumed processing packages that "were quite heavy, heavily, and suddenly started experiencing pain in my abdomen, particularly on my left side." Mr. Cardaciotto thought he had developed a stomach condition from eating "something bad." He finished his shift and went home.

Mr. Cardaciotto returned to work on September 6, 2015, where he packed, lifted and shipped heavy packages. Mr. Cardaciotto testified that "as I was again lifting packages, I experienced very sharp pains again in my abdomen on the left side. Pretty much the same spot as I had the day before only this time the pain progressively got really, really bad." He further stated that the pain became so bad that he had trouble standing. Mr. Cardaciotto feared he had constipation so he went to the bathroom. On the second trip, Mr. Cardaciotto noticed "swelling and a small bulge on the lower left of my abdomen." This was the first time he noticed the defect in his abdomen. Over the next week or so, Mr. Cardaciotto experienced intermittent pain, usually occurring late in the afternoon.

Subsequent to the incident resulting in abdominal pain, Mr. Cardaciotto suffered a wrist injury at FedEx. He reported the injury and FedEx provided treatment through Dr. William Dutton.

On September 12, 2014, Mr. Cardaciotto visited Dr. Dutton at Concentra Medical Centers (Concentra) for treatment of his wrist. While at the appointment, he told Dr. Dutton about his abdominal pain. Mr. Cardaciotto testified that Dr. Dutton told him he could not treat him and suggested he go to the emergency room.

On September 19, 2014, Mr. Cardaciotto sought treatment at the Faith Family Health Clinic (Faith Family). The medical records from that visit provide the following "History of Present Illness":

> Pt is here for abd pain x 3 weeks. Three weeks ago he was
> working, standing, after lunch and noticed a severe lump and pain.
> Since then he has had the same pain, not as severe, around the

2

same time daily. He stands at his job, eats lunch around 2:30 p[m]. He reports some constipation, more difficult to go, but last BM was this AM. He denies diarrhea, Urinating [sic] okay, no dysuria, no hematuria. No nausea or vomiting. HE [sic] reports the pain is a sharp pain. Reports the pain starts lower left quadrant and moves toward groin. No fever, chills or myalgias. No scrotal swelling, tenderness or testicular tenderness. Has noticed a slight bulge in the anterior inguinal area on and off.

(Exh. E). At the hearing, Mr. Cardaciotto denied that he told providers at Faith Family his abdominal pain had started three weeks prior to September 19, 2014.

Providers at Faith Family diagnosed Mr. Cardaciotto with an inguinal hernia and made an appointment for him at the General Surgery Clinic at Nashville General Hospital at Meharry (Meharry). Mr. Cardaciotto testified that he "had no idea he had a hernia" before the diagnosis and "did not know what a hernia actually was." Hoping it would resolve on its own, he did not go to Meharry for the surgical consultation.

After discussing his condition with a nurse he knew socially on October 12, 2014, Mr. Cardaciotto became concerned about his condition and reported the incident to FedEx. On October 14, 2014, he sent the following email to Michelle Galbreath, the area supervisor for FedEx:

> Dear Michelle,
>
> I am writing to you to report an injury that I sustained while working at the Brentwood FedEx office on Sept 5th and 6th. and I would like to know what I should do about it. I am writing to you now because I didn't know what this injury was till recently. I thought I was just having some stomach pains, but they've been persistent since that date. I was doing some heavy lifting those days and believe that to be the cause. I have been diagnosed with a hernia. On Friday Sept 5, I had been processing shipments and lifting heavy packages. At one point in the afternoon I started getting stomach pains. I didn't think anything of it except maybe it was something I ate. The next day, again was doing heavy lifting and experienced very severe pains again that had me running to the bathroom doubled over. I thought what the heck two days in a row? Since then these pains come and go and seem to be more severe if I eat a lot, so I've been eating sparsely. I went to Faith Family Medical and they diagnosed me with a hernia. Recently, I spoke to a friend that's a nurse and she told me not to put this off as it can be a dangerous and life threatening condition if it gets worse. Please give me a call at 609-510-7669.
>
> Sincerely,
>
>
> David Cardaciotto
> Employee Downtown FedEx Office
>

(Exh. A).

On October 16, 2014, Mr. Cardaciotto returned to Dr. Dutton at Concentra for treatment of his hernia. Dr. Dutton confirmed the diagnosis and restricted Mr. Cardaciotto from lifting more than twenty (20) pounds and from pushing or pulling with more than twenty (20) pounds of force. Dr. Dutton also recommended consultation with a general surgeon.

3

At the hearing, counsel for FedEx asked Mr. Cardaciotto whether his hernia had developed over a two-day period. Mr. Cardaciotto responded that it had. She also asked Mr. Cardaciotto if he first knew about the hernia diagnosis on September 19, 2014; he responded affirmatively. When asked why he had not reported the hernia injury to Ms. Galbreath closer to September 19, Mr. Cardaciotto responded that he "thought it was too late to do it." Mr. Cardaciotto also admitted that he did not mention one specific lifting incident to Ms. Galbreath that caused the hernia, or mention that the hernia appeared following one specific lifting incident. Mr. Cardaciotto also denied that he had previously suffered a hernia.

Concerning other possible causes of the hernia, Mr. Cardaciotto testified that he worked as a freelance photographer and sometimes lifted his photography equipment. He estimated that the equipment weighed about twenty (20) pounds.

Leticia Abernathy, Mr. Cardaciotto's direct supervisor and manager of the FedEx Office where he worked, testified that she did not learn about Mr. Cardaciotto's injury until October 14, 2014, when Ms. Galbreath told her about an email she had received from Mr. Cardaciotto. Ms. Abernathy also stated she "thought he had said he had a hernia before." On cross-examination, she stated "I was under the impression that you hurt yourself with a hernia and your wrist before, yes. I am sorry if that was misunderstood on my part but."

### Employee's Contention

Mr. Cardaciotto argues that FedEx should be required to pay the cost of his hernia surgery because he has proven all factors of Tennessee Code Annotated section 50-6-212(a).

### Employer's Contention

FedEx argues that the Court should not require it to pay for Mr. Cardaciotto's hernia surgery because he has failed to carry his burden of proving all the elements of Tennessee Code Annotated section 50-6-212, and because he failed to give timely notice of his claim.

### Findings of Fact and Conclusions of Law

*Standard Applied*

"The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially, and in accordance with basic principles of statutory construction favoring neither the employee nor employer." Tenn. Code Ann. 50-6-116 (2014). Tennessee Code Annotated section 50-6-239(c)(6) provides that "[u]nless the statute provides for a different standard of proof, at a hearing, the employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence." Tenn. Code Ann. section 50-6-239(c) (2014). A different standard of proof exists for the issuance of interlocutory orders at expedited hearings than the standard of proof required at compensation hearings. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063 (Tenn. Work. Comp. App. Bd., March 27, 2015). A workers' compensation judge may enter an interlocutory order for

4

medical or temporary benefits upon a determination that the injured employee would likely prevail at a hearing on the merits. Tenn. Code Ann. 50-6-239(d)(1) (2014); *McCall v. Nat'l Health Care Corp.,* 100 S.W.3d 209, 214 (Tenn. 2003).

*Factual Findings*

The Court finds that Mr. Cardaciotto suffered an injury by accident while processing packages at the FedEx Office on September 6, 2014. The Court finds that Mr. Cardaciotto experienced pain and noticed a bulge in the left-lower area of his abdomen that same day. The Court finds that Mr. Cardaciotto did not know he had a hernia until Faith Family provided him the diagnosis on September 19, 2014. The Court finds that Mr. Cardaciotto provided timely notice to FedEx on October 14, 2014. The Court finds that Mr. Cardaciotto did not have a prior hernia.

*Application of Law to Facts*

Mr. Cardaciotto seeks an order requiring FedEx to provide him surgery. The Court holds that Mr. Cardaciotto has not presented sufficient proof to show that FedEx should be required to fund the costs of hernia surgery. He has, however, presented sufficient evidence to show that FedEx must provide him a panel of physicians for evaluation of causal relationship between his hernia condition and his work for FedEx.

Tennessee law requires an employer to provide "…free of charge to the employee such medical and surgical treatment…made reasonably necessary by accident as defined in this chapter[.]" Tenn. Code Ann. § 50-6-204(a)(1)(A) (2014). Here, Mr. Cardaciotto claims that he suffered a hernia while working for FedEx. FedEx initially provided treatment with Dr. Dutton who recommended consultation with a general surgeon. After Dr. Dutton made this recommendation, FedEx controverted the claim on compensability grounds. FedEx is not liable to provide medical benefits for a noncompensable claim. Furthermore, Mr. Cardaciotto ultimately bears the burden of proving each and every element of his claim by a preponderance of the evidence. In the context of an Expedited Hearing, however, the employee bears a lower burden of proof. *See McCord v. Advantage Human Resourcing,* No. 2014-06-0063 (Tenn. Work. Comp. App. Bd., March 27, 2015). Here, Mr. Cardaciotto need only prove that he is "likely to prevail at a hearing on the merits" in order to receive medical benefits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2014). Accordingly, Mr. Cardaciotto must submit enough proof about the elements of his hernia claim to convince the Court of his substantial likelihood of success at the Compensation Hearing.

Tennessee Workers' Compensation Law provides the following proof requirement to maintain a compensable claim for a hernia:

> (a) In all claims for compensation for hernia or rupture, resulting from injury by accident arising primarily out of and in the course and scope of the employee's employment, it must be definitely proven to the satisfaction of the court that:

(1)  There was an injury resulting in hernia or rupture;

(2)  The hernia or rupture appeared suddenly;

(3)  It was accompanied by pain;

(4)  The hernia or rupture immediately followed the accident; and

(5)  The hernia or rupture did not exist prior to the accident for which compensation is claimed.

(b)  All hernia or rupture, inguinal, femoral or otherwise, so proven to be the result of an injury by accident arising primarily out of and in the course and scope of the employment, shall be treated in a surgical manner by a radical operation. If death results from the operation, the death shall be considered as the result of the injury, and compensation paid in accordance with this chapter.

Tenn. Code Ann. § 50-6-212(a)-(b) (2014).

In 2013, the General Assembly made broad changes to the workers' compensation statutes. The previous version of Tennessee Code Annotated section 50-6-116 declared the Tennessee Workers' Compensation Act to be a remedial statute and case law held that any reasonable doubt is to be construed in favor of the employee. *Phillips v. A & H Constr. Co.,* 134 S.W.3d 145, 150 (Tenn. 2004). The current version of the same statute prohibits a remedial or liberal construction and calls for a fair and impartial construction. *See* Tenn. Code Ann. § 50-6-116 (2014). There are no appellate decisions construing the current version of Tennessee Code Annotated section 50-6-212 or employing the new statutory construction standard. The Supreme Court, however, has addressed the previous version of 50-6-212 on several occasions. These opinions will affect the current construction of the statute so long as the Supreme Court did not base its decision on the remedial nature or liberal construction of the prior Act. With this in mind, the Court now turns to its analysis of the proof related to the elemental requirements for a hernia injury.

1.  <u>Mr. Cardaciotto suffered an injury by accident and developed a hernia.</u>

In order for an injury to be compensable, it must have been accidental. Under the Tennessee Workers' Compensation Law, an injury is accidental "…only if the injury is caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence…" Tenn. Code Ann. § 50-6-102(13)(A) (2014). Subsection (a)(1) of 50-6-212 also requires the injured employee to prove to the satisfaction of the presiding judge that "there was an injury resulting in hernia or rupture."

Along with the broad changes to the Tennessee Workers' Compensation Law that the General Assembly made in 2013, the Assembly also made minor changes to Tennessee Code Annotated section 50-6-212. While the current version of section 50-6-212(a) is substantially similar to the previous, the current version of subsection 50-6-212(a) added the terms "primarily" and "scope" to subsection (a). The addition of these terms altered the proof requirements for establishing a compensable hernia claim so that an employee must prove that the hernia resulted

6

"…from an injury by accident arising *primarily* out of and in the course and *scope* of the employee's employment…" *Id*. at -212(a) (emphasis added). "An injury "arises primarily out of and in the course and scope of employment" only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes[.]" Tenn. Code Ann. § 50-6-102(13)(B) (2014). The definition of this phrase directly impacts the employee's burden under section 50-6-212(a)(1) by requiring the injured employee to prove that the employee's workplace activities contributed more than fifty percent (50%) in causing the "…injury resulting in the hernia or rupture."

At the hearing, Mr. Cardaciotto testified that he lifted, processed and shipped heavy packages on September 5 and September 6, 2014. Mr. Cardaciotto further testified that he experienced sharp pain in his abdomen on his left side while engaged in these work activities. The Court finds Mr. Cardaciotto's description of the events sufficiently specific to meet the burden of proving an injury by accident. Mr. Cardaciotto has also proven that he developed a hernia as both the authorized treating physician, Dr. Dutton, and providers at Faith Family diagnosed the condition.

Mr. Cardaciotto has not, however, proven to the undersigned's satisfaction that the hernia "resulted" from his work activities. While the medical records reveal a hernia diagnosis and catalog Mr. Cardaciotto's description of his activities immediately before the condition developed, neither medical provider opined whether the described work activities resulted in Mr. Cardaciotto developing a hernia. Essentially, Mr. Cardaciotto has not proven medical causation. The Court, however, holds that it is not necessary for Mr. Cardaciotto to prove medical causation in order to receive temporary medical benefits. Enforcing such a high burden early in his claim would yield the absurd result of effectively foreclosing Mr. Cardaciotto from receiving medical care without first seeking treatment on his own to obtain an expert opinion on medical causation. The General Assembly did not intend such a result when it enacted comprehensive reform.

2. <u>Mr. Cardaciotto developed the hernia suddenly and immediately after the accident, it was accompanied by pain, and there is no compelling evidence of a prior hernia.</u>

Mr. Cardaciotto testified at several points during the hearing that the hernia developed over the course of two (2) days. FedEx argued that the two-day development period described by Mr. Cardaciotto does not meet his burden of proving that the hernia developed "suddenly" or that it "immediately" followed the accident. The undersigned disagrees. The Supreme Court addressed this issue in *Etter v. Blue Diamond Coal Co.*, 215 S.W.2d 803 (Tenn. 1948), where it held that a hernia "appeared suddenly" when it did not exist before, and "immediately followed the accident" when it happened close enough in time that it could not be attributed to another cause. *Id*. at 806.

The Court finds that Mr. Cardaciotto carried his burden of proving that the hernia "immediately followed the accident" and that "it was accompanied by pain." At the hearing, Mr. Cardaciotto stated that he felt pain in his abdomen that came on "suddenly" on September 5, and then returned on September 6. Thereafter, the pain progressively worsened to the point that he had trouble standing. Mr. Cardaciotto went to the bathroom on September 6, during an episode of abdominal pain, and noticed "swelling and a small bulge on the lower left side of his

7

abdomen." None of the evidence suggested any other precipitating event.

The Court further finds that Mr. Cardaciotto carried his burden of proving that the hernia "appeared suddenly" and that the hernia "did not exist prior to the accident." Mr. Cardaciotto testified that he never had a hernia before September 6, 2014, and even testified that he "did not know what a hernia actually was." While his supervisor, Leticia Abernathy, testified on direct examination that she "thought he had said he had a hernia before," she retreated from her testimony on cross-examination stating "I was under the impression that you hurt yourself with a hernia and your wrist before, yes. I am sorry if that was misunderstood on my part but."

   3.  <u>Mr. Cardaciotto timely reported his injury.</u>

FedEx has argued that Mr. Cardaciotto failed to give timely notice of his injury. The Court disagrees. Tennessee Code Annotated section 50-6-201(a)(1) (2014) governs the provision of notice in a workers' compensation claim:

> Every injured employee or the injured employee's representative shall, immediately upon the occurrence of an injury, or as soon thereafter as is reasonable and practicable, give or cause to be given to the employer who has no actual notice, written notice of the injury, and the employee shall not be entitled to physician's fees or to any compensation that may have accrued under this chapter, from the date of the accident to the giving of notice, unless it can be shown that the employer had actual knowledge of the accident. No compensation shall be payable under this chapter, unless the written notice is given to the employer within thirty (30) days after the occurrence of the accident, unless reasonable excuse for failure to give the notice is made to the satisfaction of the tribunal to which the claim for compensation may be presented.

Tennessee law provides relief from the reporting deadline when an employee does not appreciate the seriousness of his injury. In *CNA Insurance Company v. Transou*, 614 S.W.2d 335 (Tenn. 1981), the employee first injured his back in 1972 and then reinjured it in August, 1978. Following the 1978 injury, the employee worked until December 1978 when the pain became so severe that he could not continue. At that time, he visited a doctor who diagnosed a ruptured disc and ordered surgery. The employer refused to pay for the surgery because the employee did not report the injury in a timely manner. The trial court ruled that the employee's failure to provide notice was excused. In affirming the trial court, the Supreme Court stated, "We hold that the trial court was correct in concluding that the employee did not have sufficient knowledge of the nature of his injury and disability to provide the employer with notice of the ruptured disc until December 19, 1978, when he was first informed that he had such an injury." *Id*. at 336-38.

Here, Mr. Cardaciotto suffered an injury on September 6, 2014. He did not provide written notice until October 14, 2014, when he sent an email to the FedEx area manager, Michelle Galbreath. (Exh. A). While the period between the date of injury and the provision of

notice exceeded thirty (30) days, Mr. Cardaciotto stated that he failed to give notice on the date of the injury because he believed he was constipated at the time the hernia developed. He also stated that he did not know he had a hernia until providers at Faith Family diagnosed him with the condition on September 19, 2014. (Exh. E). He further testified that even after the diagnosis, he did not appreciate the seriousness of the condition until discussing it with a nurse he knew socially.[1]

The Court finds that Mr. Cardaciotto did not have a duty to report his injury to FedEx before his diagnosis by Faith Family on September 19, 2014. While he knew that something was wrong, he did not know that he had developed a hernia. Instead, he thought he had a stomach condition. After learning that he had developed a hernia, Mr. Cardaciotto had thirty days to report the injury. Accordingly, the Court finds that the written notice he provided to FedEx on October 14, 2014, satisfied the requirements of Tennessee Code Annotated section 50-6-201(a)(1). Accordingly, the Court denies FedEx's notice defense.

Based on the foregoing, the Court finds that Mr. Cardaciotto has demonstrated a likelihood of success at a Compensation Hearing through his evidence at this Expedited Hearing and is, therefore, entitled to the requested medical benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Pursuant to Tennessee Code Annotated section 50-6-204, FedEx shall provide Mr. Cardaciotto with a panel of general surgeons from which he may select one for surgical consultation. In the event that the surgeon determines medical causation, FedEx shall pay for appropriate surgical treatment.

2. This matter is set for an Initial Hearing on June 16, 2015, at 11:00 a.m. (CDT).

3. **Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven (7) business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Division by email to WCCompliance.Program@tn.gov no later than the seventh (7th) business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.**

---

[1] Mr. Cardaciotto testified that he spoke with his nurse/friend on October 12, 2014, and that the conversation prompted him to both seek treatment at Faith Family and to report the incident to FedEx. Neither party, however, submitted any records showing that Mr. Cardaciotto received treatment from Faith Family subsequent to his visit on September 19, 2014. The undersigned believes Mr. Cardaciotto either misstated the month or intended to say that he sought treatment from Concentra. Whichever the case may be, it does not affect the analysis of FedEx's notice defense.

9

4. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

**ISSUE AND FILED WITH THE CLERK ON THIS THE 6th DAY OF MAY, 2015.**

_____
**Joshua Davis Baker**
**Workers' Compensation Judge**

Initial Hearing:

An Initial Hearing has been set with Judge Joshua Davis, Court of Workers Compensation Claims. You must call (615) 741-2113 or toll free at (855) 874-0474 to participate in the Initial Hearing. Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal".

2. File the completed form with the Court Clerk _within seven (7) business days_ of the date the Expedited Hearing Order was entered by the Workers' Compensation Judge.

3. Serve a copy of the Request for Appeal upon the opposing party.

4. The parties, having the responsibility of ensuring a complete record on appeal, may request from the Court Clerk the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a statement of the evidence within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must be approved by the Judge before the record is submitted to the Clerk of the Appeals Board.

10

5. If the appellant elects to file a position statement in support of the interlocutory appeal, the appealing party shall file such position statement with the Court Clerk within three (3) business days of the filing of the Expedited Hearing Notice of Appeal, specifying the issues presented for review and including any argument in support thereof. If the appellee elects to file a response in opposition to the interlocutory appeal, appellee shall do so within three (3) business days of the filing of the appellant's position statement.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 6th day of May, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|------|---------------|------------------|---------|------------|-----------|---------------|
| **David Cardaciotto** | | | | | x | **dpcard@yahoo.com** |
| **Sarah Reisner** | | | | | x | **sreisner@manierherod.com** |

**Penny Patterson Shrum, Clerk**
**Tennessee Court of Workers'**
**Compensation Claims**
**WC.Court.Clerk@tn.gov**