FILED

June 29, 2015

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 11:14 AM



## COURT OF WORKERS' COMPENSATION CLAIMS
## DIVISION OF WORKERS' COMPENSATION

**EMPLOYEE:** Anthony Long

**EMPLOYER:** Hamilton-Ryker

**DOCKET #:** 2015-07-0023
**STATE FILE #:** 2652-2015
**DATE OF INJURY:** January 2, 2015

**INSURANCE CARRIER/TPA:** Gallagher Bassett Services

### EXPEDITED HEARING ORDER

THIS CAUSE came before the undersigned Workers' Compensation Judge telephonically on May 28, 2015, upon the Request for Expedited Hearing filed by Anthony Long (Mr. Long), the employee, on March 26, 2015, pursuant to Tennessee Code Annotated section 50-6-239 to determine if Hamilton-Ryker, the employer, is obligated to provide medical and/or temporary disability benefits. Considering the applicable law, testimony of the witnesses, documentary evidence, argument of the parties, and the technical record, this Court determines that Mr. Long is entitled to further medical evaluation and/or treatment, but is not entitled to temporary disability benefits at this time.

### ANALYSIS

#### Issues

*Whether Mr. Long is entitled to further medical evaluation and/or treatment for an alleged hernia injury; and*

*Whether Mr. Long is entitled to temporary disability benefits.*

#### Evidence Submitted

The Court designated the following as the technical record:

- Petition for Benefit Determination (PBD)
- Dispute Certification Notice (DCN)
- Request for Expedited Hearing (REH).

The Court did not consider attachments to the above filings not admitted into evidence during the Expedited Hearing. The Court considered factual statements in the above filings and their attachments as allegations unless established by the evidence.

1

The Court admitted into evidence the following:

Exhibit 1: Medical Records of Martin Specialty Clinic (pp. 1-16).
Exhibit 2: Audio recording and transcription of Mr. Long's statement taken by Hamilton Ryker's insurance carrier.
Exhibit 3: Excerpts from Mr. Long's deposition taken on April 29, 2015.

Mr. Long testified on his own behalf. Joseph Clark testified for Hamilton-Ryker.

## History of Claim

Mr. Long worked for Hamilton-Ryker, assigned to MTD, a manufacturing facility, in Martin, Tennessee. At the hearing, he testified that he volunteered to work on Friday, January 2, 2015, a day that the plant was shut down for the holidays. He allegedly sustained a hernia injury on that day, but cannot say "exactly" when the injury occurred.

Mr. Long testified that he noticed a "bulge" in his left groin while bathing on Saturday, January 3, 2015. He reported the discovery of this bulge to Ray White, an MTD employee, on Monday, January 5, 2015. He told Mr. White, "I've noticed this swelling," and, "I believe I've got a hernia." Mr. Long further stated, "I know I got it on the job the other day." Mr. White advised him to speak with "Brenda."

Thereafter, Mr. Long informed Brenda, the nurse for MTD, that he "did it [the hernia injury] on Friday." After the meeting with Brenda, Mr. Long met with Joseph Clark, a current employee of MTD, but a Hamilton-Ryker employee at that time. Mr. Long completed an incident report. The report included an image of a human figure, upon which he circled the left groin to indicate the location of pain. He "believes" he worked the next day and then saw a physician the following day with Jeff, a representative of Hamilton-Ryker, in attendance. The physician diagnosed him with a hernia. He returned to work for two (2) days, but has not worked since. He testified that he saw a "Dr. Davis" for further evaluation.

On cross-examination, Mr. Long confirmed he noticed a bulge on Saturday, January 2, while bathing. He felt a "tweak of pain" in the area of the hernia on Sunday, "if [his] mind serves [him] right." Brenda told him that most people with hernias have pain in the testicles, and he did, at some time after the injury, feel a slight pain in his testicles. At present, he denied pain in the area of the hernia or in his testicles.

Apart from his own testimony, Mr. Long offered no other evidence in support of his case. At the conclusion of Mr. Long's case in chief, Hamilton-Ryker moved for a "directed verdict."[1] The grounds for the motion were that Mr. Long failed to present sufficient evidence to satisfy the requirements of Tennessee Code Annotated section 50-6-212. The Court took the motion under advisement and directed Hamilton-Ryker to present its proof in the interests of judicial economy.

---

[1] The Court considers the motion for directed verdict to be one for involuntary dismissal pursuant to Tennessee Rule of Civil Procedure 41.02(2) as the Court was sitting without a jury.

Joseph Clark testified on behalf of Hamilton-Ryker. He testified that he currently works for MTD, but, in January 2015, he worked for Hamilton-Ryker as a "vendor on premises," meaning the representative of Hamilton-Ryker at MTD. On Monday, January 5, 2015, Mr. Long reported to Mr. Clark that he noticed a "bulge on Saturday [and] that it was causing him discomfort on Sunday...mild discomfort." Mr. Clark asked Mr. Long if he believed the condition was work-related and Mr. Long replied that he really "wasn't sure...but that was the only thing he could come up with because he hadn't been doing anything else over the weekend." Mr. Clark then completed the workers' compensation paperwork. While doing so, Mr. Long informed Mr. Clark that he was stacking "46 inch decks" on the previous Friday, but could recall no particular event prompting his pain. Mr. Clark specifically asked Mr. Long if there was a specific event that caused him pain, but Mr. Long could not provide a specific event. Mr. Long did not cross-examine Mr. Clark.

Hamilton-Ryker offered Mr. Long's medical records into evidence. On January 6, 2015, Mr. Long saw Dr. Chiniya Thapa at Martin Specialty Clinic. He gave a history of "slight pain and swelling to left inguinal area with radiating pain down left thigh—DOI 1/2/15 after lifting heavy decks at MTD through Hamilton-Ryker." (Ex. 1, p. 2). On examination, Dr. Thapa identified a "direct inguinal hernia" and recommended a surgery referral. *Id.* at 4. Dr. Thapa noted the purpose of the visit was "Workers Comp. The Hamilton-Ryker Co." *Id.* at 1.

Mr. Long returned to Dr. Thapa on February 4, 2015, "to discuss hernia." (Ex. 1, p. 5). He brought a "form" for Dr. Thapa to complete "for workman's compensation" and "repeatedly stat[ed] that it happened at work." *Id.* at 7. Dr. Thapa referred Mr. Long to Dr. Davis, a surgeon. *Id.*

Mr. Long saw Dr. Davis on February 6, 2015. Dr. Davis confirmed the hernia and opined it "should be repaired." (Ex. 1, p. 11). Dr. Davis noted that Mr. Long "believes [the hernia] is from a work injury." *Id.* at 10. Dr. Davis recommended Mr. Long explore payment options at the hospital because Hamilton-Ryker's Carrier denied the claim.

Hamilton-Ryker offered into evidence the recorded statement of Mr. Long, taken by its insurance adjuster on January 13, 2015. In the statement, Mr. Long stated that he "was lifting 48-inch, 46-inch decks and stacking" them. (Ex. 2, p. 5). The decks weighed "60 or 70 lbs." *Id.* He and "another guy...did about 400 something" decks on Friday, January 2. *Id.* at 6. He stated that he had "never had a hernia in [his] life," that he noticed the hernia when he took a bath on Saturday, and that he had pain when he walked. *Id.* He "felt the pain on Saturday when I was around [my] house." As to discovery of the defect, he "noticed it the next day." *Id.* He also stated the hernia did not pre-exist the event on January 2. *Id.* at 7.

Hamilton-Ryker also introduced excerpts from Mr. Long's deposition, taken on April 29, 2015.[2] In his deposition, Mr. Long testified that he was injured on Friday, January 2, 2015, at 1:30 PM. He was "loading 46-inch decks" and reported his injury on Monday, January 5. (Ex. 3, pp. 73 1.13-74 1.7). He testified that he previously experienced pain in his leg prior to the event in question. *Id.* at 81, 1.11; 86, 1. 9; and 88, 1. 12-14. The pain "could have possibly run down my

---

[2] Hamilton-Ryker previously filed a motion for discovery to depose Mr. Long. The Court granted the motion and moved the Expedited Hearing to accommodate the April 29, 2015 deposition date.

3

leg to some extent" in the past. *Id.* at 93, l. 20. While "doing the decks" on January 2, the pain "ran right up to where....that hernia is in my left groin." *Id.* at 94, l._9.

In his deposition, Mr. Long denied prior pain in area of the hernia, but testified that he did get a "funny feeling" in the area of the hernia while "doing the decks." (Ex. 3, p. 95, l.10). On a single occasion, he experienced a "tweak" of pain in his left testicle. *Id.* at 108, l.19. He noticed that pain "probably Sunday or Saturday." *Id.* He denied any prior hernias. *Id.* at 98, l. 5.

## Mr. Long's Contentions

Mr. Long contends he injured himself while working on Friday, January 2, 2015. He estimated the time of injury as approximately 1:30 PM, but could not pinpoint the exact moment of injury. He noticed a bulge in his left groin on Saturday, January 3, 2015, while bathing. He reported to representatives of MTD and Hamilton-Ryker that he was injured on Friday and that he noticed a bulge in his groin on Saturday. He saw a physician provided by Hamilton-Ryker with a representative of Hamilton-Ryker present at the examination. He also saw another physician regarding his alleged hernia. He seeks further medical evaluation. He asserts that he is truthful regarding both the occurrence and reporting of the event and its effects, but admits his memory of the exact sequence of events is less than clear as evidenced by his prior statements. Nevertheless, he is being completely candid regarding the work-relatedness of his hernia.

## Hamilton-Ryker's Contentions

Hamilton-Ryker contends that Mr. Long failed to satisfy the requirements of Tennessee Code Annotated section 50-6-212. Specifically, it disputes Mr. Long sustained an injury resulting in a hernia, that it appeared suddenly, that it was accompanied by pain, that it immediately followed the accident, and that it did not exist prior to the accident. Because there is inadequate proof of the required factors, it argues that Mr. Long's claim is not compensable.

Hamilton-Ryker moved to dismiss the case at the close of Mr. Long's proof on grounds that the record is devoid of any medical proof and that Mr. Long's testimony, as a lay person, cannot provide the required medical proof for a compensable hernia. Assuming this Court denies the motion to dismiss, Hamilton-Ryker asserts that the medical records do not support the immediate appearance of a hernia after the alleged work event. The records indicated Mr. Long noticed a hernia "three days ago," which would be Saturday, January 3, 2015, and not Friday, January 2. Likewise, Mr. Long's recorded statement and his deposition testimony are inconsistent as to when he first noticed the hernia, varying from sometime Saturday or Sunday. These inconsistencies establish that Mr. Long cannot meet the statutory requirement that the hernia appeared suddenly.

Likewise, Mr. Long gave inconsistent statements as to when, or even if, he felt pain from the alleged hernia. In short, as argued in its brief:

> The hernia did not appear suddenly or immediately following any
> claimed work accident on Friday, 1/2/15. Long already had pain in
> his leg and hip before this alleged work incident, did not notice any

4

pain related to the hernia until one or two days later, and did not have any pain when he finally saw the doctor.

## Findings of Fact and Conclusions of Law

### Standard Applied

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). At an expedited hearing, an employee need not prove every element of his or her claim by a preponderance of the evidence in order to be eligible for benefits. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk Comp App Bd LEXIS 6, *7-8, 9 (Tenn. Workers' Comp. App. Bd. March 27, 2015); *cf. McCall v. Nat'l Health Corp.*, 100 S.W.3d 209, 214 (Tenn. 2003). Instead, an employee must come forward with sufficient evidence from which the trial judge could conclude that the employee is likely to prevail at a hearing on the merits. *Id.*

### Factual Findings

Mr. Long sustained an injury on Friday, January 2, 2015, while lifting heavy decks at MTD. Though the exact time of injury is undefined, Mr. Long's testimony is sufficient to show the work activity was the cause of his injury. Mr. Long felt pain as a result of his work activities for the first time on Saturday, January 3, 2015. Likewise, he first noticed the hernia on Saturday, January 3, 2015. On Monday, January 5, 2015, he reported the January 2, 2015 injury and the discovery of the defect on Saturday, January 3, to Hamilton-Ryker. Hamilton-Ryker provided medical evaluation for the reported injury. An approved physician recommended surgical evaluation. To date, Hamilton-Ryker has not provided a surgical referral.

### Application of Law to Facts

### Motion to Dismiss

In this case, Hamilton-Ryker moved for a "directed verdict" at the close of Mr. Long's proof. Because this Court sits without a jury, it will consider the motion as one for involuntary dismissal under Tennessee Rule of Civil Procedure 41.01(2), which provides:

> After the plaintiff in an action tried by the court without a jury has completed the presentation of plaintiff's evidence, the defendant, without waiving the right to offer evidence in the event the motion is not granted, may move for dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief.

In support of its motion to dismiss, Hamilton-Ryker argues that Mr. Long failed to prove medical causation of his hernia because he did not offer any medical proof of causation and his testimony alone, as a lay witness, is insufficient to prove causation of a hernia. On these narrow

5

points, the Court agrees. Mr. Long did not present medical proof in his case in chief supporting medical causation.

However, at this stage of the proceedings, Mr. Long need not prove all elements of his case, including medical causation, by a preponderance of the evidence. Because the instant case comes to the Court in the posture of an Expedited Hearing, the Court is required to apply the standard previously stated. Specifically, in order to recover the requested benefits, Mr. Long must show, based upon the evidence presented at this Expedited Hearing that he is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1)(2014).

Such being the case, the Court notes the requirement of Tennessee Code Annotated section 50-6-102(13)(B)(2014) that an employee must show by a preponderance of the evidence that the employment contributed more than fifty percent (50%) to the injury has yet to attach to this interlocutory stage of the proceedings. For now, Mr. Long is not required to prove by a preponderance of the evidence all elements of Tennessee Code Annotated section 50-6-212(2014) when the sole issues are further medical evaluation and temporary disability benefits.

Accordingly, the Court respectfully denies Hamilton-Ryker's motion to dismiss. However, this denial should not be construed in any way to either obviate the need for adequate proof of causation under the applicable standard at a Compensation Hearing or to prevent either party from presenting additional evidence at such hearing to reverse or modify this interlocutory denial of the motion to dismiss. *See, McCord v. Advantage Human Resourcing*, No. 2014-06-0063 (Tenn. Work. Comp. App. Bd., March 27, 2015) *5; cf. *McCall v. Natl. Health Corp.,* 100 S.W.3d 209, 214 (Tenn. 2003).

*Statutory requirements*

Having addressed the motion to dismiss, the Court will now analyze the evidence under the applicable standard of proof and the unique requirements of the hernia statute. In all claims for compensation for hernia or rupture, Tennessee Code Annotated section 50-6-212 provides that "it must be definitely proven to the satisfaction of the court that":

(1) There was an injury resulting in hernia or rupture;
(2) The hernia or rupture appeared suddenly;
(3) It was accompanied by pain;
(4) The hernia or rupture immediately followed the accident; and
(5) The hernia or rupture did not exist prior to the accident for which compensation is claimed.

Tenn. Code Ann. § 50-6-212(a)(2014).

The purpose of Tennessee Code Annotated section 50-6-212(a) is "to remove the issue as far as possible from the field of conjecture and speculation" in claims for compensation for hernias and ruptures. *Wood v. Edenfield Electric Co.*, 364 S.W.2d 908, 909 (Tenn. 1963) (citing *Matthews v. Hardaway Contracting Co.*, 163 S.W.2d 59, 60 (Tenn. 1942)). Thus, an employee seeking benefits for a hernia must "bring his case within the provisions" of the section.

6

*Matthews*, 163 S.W.2d at 62. The Court will analyze the five (5) requirements of the statute in turn.

## *(1) Injury*

In this case, Mr. Long testified at the hearing that he injured himself at some point on Friday, January 2. He cannot pinpoint the exact moment but, testified it occurred on that Friday. This is consistent with his statements to Hamilton-Ryker on Monday, January 5. Mr. Clark also confirmed that Mr. Long reported stacking "46-inch decks" on Friday although he could not point to a specific moment of injury. The Court finds that Mr. Long established the occurrence of an "injury." This finding is bolstered by Mr. Long's history to Dr. Thapa of a complaint of swelling and pain to the left inguinal area after he lifted decks at MTD (Ex. 1, p. 2), and by his recorded statement wherein he stated that he was injured on Friday, January 2, while stacking decks. (Ex. 2, p. 5). Under the evidentiary standard at this stage of the case, the evidence preponderates in favor of Mr. Long on the first required element of the occurrence of an injury.

## *(2) Sudden appearance*

Hamilton-Ryker also contends that the hernia did not appear suddenly as required by the statute. The Court disagrees. When our Legislature used the word "suddenly," it meant that the hernia must have developed without warning, or "without previous notice." *Etter v. Blue Diamond Coal Co.*, 215 S.W.2d 803, 806 (Tenn. 1948). Likewise, the word "immediately" is not "a word of absolute significance." *Id.* at 806. It instead depends upon the circumstances and events in connection with which it is used. Importantly, "suddenly" or "immediately" *do not* mean instantaneously. *Id.* For example, in *Etter*, the employee was struck in the abdomen by a machine on a Tuesday but did not discover a defect until Saturday, some four (4) days later. Even with such delay, our Supreme Court found that the hernia appeared suddenly since the hernia could not, "by any possibility," be attributed to any other cause. *Id.* This Court finds likewise regarding Mr. Long's discovery of his hernia. He testified to no other cause apart from his work on Friday, January 3, and he discovered the defect the next day. Hamilton-Ryker correctly points out that Mr. Long gave conflicting times of discovery. The Court attributes such to Mr. Long's poor memory and his inartful presentation of his case. Notably, all versions of the time of discovery were either Saturday or Sunday. This "discovery" is consistent with the logic of *Etter* and this Court finds Mr. Long's hernia appeared with such swiftness to satisfy the sudden appearance requirement for purposes of the statute at this stage of the proceedings.

## *(3) Pain*

Hamilton-Ryker argues that Mr. Long gave inconsistent statements as to when he noticed pain at the hernia site. For example, in his deposition, Mr. Long testified that he told Brenda, the nurse at MTD, that he did not feel pain in his testicles. (Ex. 3, p 81, l. 22-23). Later in his deposition, he testified that he may, at one time, have felt "just a little bit of a sensation on the left side in my…testicle." *Id.* at 81 l.25 - 82 l.2. He told Mr. Clark that he did not feel pain on Friday but, instead first felt pain on either Saturday or Sunday. *Id.* at 108 l.16-109 l.4. Further, Hamilton-Ryker argues that Mr. Long stated in his recorded statement that he felt pain, "on my left leg when I walk." (Ex. 2 at 6). He then stated that he had "a little blip of pain" in his testicle on "probably Sunday or Saturday." (Ex. 3, pp. at 96, ll._10-11). Because of these inconsistencies,

Hamilton-Ryker argues that Mr. Long cannot establish the required element of his hernia being accompanied by pain.

Again, the Court must respectfully disagree. As with the discovery of a defect, Mr. Long felt pain at some point on Saturday or Sunday and the evidence at this stage of the proceedings preponderates in favor of a finding that the pain came from his work on Friday, January 3. In his deposition, Mr. Long stated, as mentioned above, that he felt "a little blip of pain" in his testicle on "probably Saturday or Sunday." Contrary to Hamilton-Ryker's argument, Mr. Long complained of pain at his initial visit to Dr. Thapa on January 6. (Ex. 1 at 2). Mr. Clark testified that, while completing paperwork with Mr. Long on Monday, January 5, Mr. Long told him that apart from his work on Friday, he engaged in no activity that might have caused the pain. Moreover, Mr. Long testified at the hearing that he felt a "tweak of pain" in the area of the hernia on Sunday. Under the applicable standard at this stage of the proceedings, these statements, collectively, are sufficiently consistent to establish that he felt pain because of an event on Friday, January 3.

Such finding is consistent with Tennessee law. In *Paristyle Beauty Salon, Inc. v. Chandler*, 341 S.W.2d 731 (Tenn. 1960), the employee alleged a hernia injury but felt only "a sting at the time" he was injured but, "it got worse a few days later." *Id. at* 732. The employer in that case argued that the statute requires the hernia be accompanied by pain and that "the discovery of a hernia several days later did not cure the failure to have pain." Moreover, the employer asserted it had found no case where a hernia was not accompanied by "real pain." *Id.* Our Supreme Court disagreed and stated that it "thinks that a stinging sensation comes within the definition of pain." *Id.* Expounding upon the point, it said that "[a]ny one who has been stung by a wasp or a hornet will probably be in full agreement with this statement." *Id.*

Like the employer in *Chandler*, Hamilton-Ryker argues Mr. Long cannot establish pain from his alleged hernia because of the inconsistent history of its onset. However, as in *Chandler*, this Court concludes that whether it was a "blip" or a "tweak," Mr. Long felt pain that he attributes to the events of Friday, January 2. The Court finds he satisfied the requirement of the hernia injury being accompanied by pain.

### (4) Immediately following the accident

As with the sudden appearance requirement, the Court finds that Mr. Long's hernia followed the events of Friday, January 2. As stated in *Etter*, the word "immediately" is not "a word of absolute significance." *Etter,* 215 S.W.2d at 806. It is instead one that depends upon the circumstances and events in connection with which it is used. Importantly, "suddenly" or "immediately" do not mean instantaneously. *Id.* Here, Mr. Long established an event on Friday, January 2 and that he noticed a defect the next day. The Court finds his hernia appeared "immediately" for purposes of the statute.

### (5) The hernia was not pre-existing

The statutory criteria set forth in Tennessee Code Annotated section 50-6-212(a) are intended to insure that an employee's hernia or rupture "result[ed] from 'the accident for which

8

compensation is claimed,' and not to a past condition which is unrelated to the new injury.' *Capps v. Goodlark Med. Ctr., Inc.*, 804 S.W.2d 887, 889 (Tenn. 1991). In this case, the Court finds no evidence in the record to indicate that the hernia pre-existed the events of Friday, January 2. Conversely, in his recorded statement, Mr. Long categorically denied any prior problems with a hernia. (Ex. 2, pp. 6, 7, and 9). The medical records do not indicate any history of a pre-existing hernia as the initial note of Dr. Thapa specifically notes, "he did not notice it before." (Ex. 1, p. 3). Again, taken in its totality, the evidence preponderates against the hernia pre-existing the work event and the Court finds in favor of Mr. Long on this issue.

*Temporary Disability Benefits*

At the hearing, Mr. Long only argued for medical benefits. The Court repeatedly asked Mr. Long at the outset of the hearing as to what benefits he was requesting. He consistently asserted he was seeking further medical evaluation.

Further, Mr. Long testified that his "unemployment was about to run out." By definition, his assertion of entitlement to unemployment benefits indicates an ability to work. Because the only proof before the Court is Mr. Long's testimony that he is drawing unemployment benefits, then the Court must assume that Mr. Long is able to work, available for work, and making a reasonable effort to secure work, the conditions required for eligibility for unemployment benefits in Tennessee Code Annotated section 50-7-302(a)(4)(2012).

Mr. Long made vague reference to his plans to contact Hamilton-Ryker regarding a return to work, but he did not offer any evidence supporting a period of temporary total or partial disability. As noted previously, he only offered testimony at the hearing as to the injury itself, the discovery of a hernia, and his timely reporting of the hernia. Under Tennessee law, to establish entitlement to temporary total benefits, the employee must show he was (1) totally disabled to work by a compensable injury; (2) that there was a causal connection between the injury and his inability to work; and (3) the duration of that period of disability." *Cleek v. Wal-Mart Stores, Inc.*, 19 S.W.3d 770, 776 (Tenn. 2000). When an employee demonstrates the ability to return to work or attains MMI, then TTD benefits are terminated. *Simpson v. Satterfield*, 564 S.W.2d 953, 955 (Tenn. 1978). Here, Mr. Long has not demonstrated by the evidence submitted that he was totally disabled from working.

Likewise, temporary partial disability (TPD) refers to the time during which the injured employee is able to resume some gainful employment but has not yet reached maximum recovery. *Williams v. Saturn Corp.*, No. M2004-01215-WC-R3-CV, 2005 LEXIS 1032, *3 (Tenn. Workers' Comp. Panel, Nov. 15, 2005). Again, Mr. Long has not presented evidence that Hamilton-Ryker refused to accommodate him for any period of time following his injury. The Court declines to order payment of any temporary benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Hamilton-Ryker shall provide a panel of surgeons compliant with Tennessee Code Annotated section 50-6-204(a)(3) for evaluation and/or treatment of the injury of January 2, 2015.

2. Mr. Long's request for temporary benefits is denied at this time.

3. This matter is set for an Initial Hearing on August 26, 2015, at 9:00 AM Central Time.

4. **Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven (7) business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2014). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Division by email to WCCompliance.Program@tn.gov no later than the seventh (7th) business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.**

5. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

**ENTERED this the 29ᵗʰ day of June, 2015.**

**Allen Phillips, Judge**
**Court of Workers' Compensation Claims**

Initial Hearing:

An Initial Hearing has been set with **Judge Allen Phillips, Court of Workers Compensation. You must dial in at 731-422-5263 or 855-543-5038 toll free to participate in your scheduled conference.**

**Please Note: <u>You must call in on the scheduled date/time to participate.</u> Failure to call in may result in a determination of the issues without your further participation.** All conferences are set using Central Time (CT).

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

10

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven (7) business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Request for Appeal upon the opposing party.

4. The parties, having the responsibility of ensuring a complete record on appeal, may request from the Court Clerk the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a statement of the evidence within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. The Judge must approve the statement of the evidence before the Clerk of Court shall submit the record to the Clerk of the Appeals Board.

5. If the appellant elects to file a position statement in support of the interlocutory appeal, the appealing party shall file such position statement with the Court Clerk within three (3) business days of the filing of the Expedited Hearing Notice of Appeal, specifying the issues presented for review and including any argument in support thereof. If the appellee elects to file a response in opposition to the interlocutory appeal, appellee shall do so within three (3) business days of the filing of the appellant's position statement.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 29th day of June, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|------|----------------|------------------|---------|------------|-----------|---------------|
| Anthony Long | X | X | | | | 649 Mt. Pelia Rd., Martin, TN 38237 |
| R. Dale Thomas | | | | | X | dthomas@raineykizer.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims

11