PARISTYLE BEAUTY SALON, INC.

*v.*

DURELL CHANDLER.

(*Knoxville,* September Term, 1960.)

Opinion filed December 9, 1960.

WILBUR W. PIPER, FOWLER, ROWNTREE & FOWLER, Knoxville, for plaintiff in error.

JOSEPH W. ROGERS, WILLIAM C. MORRELL, Knoxville, for defendant in error.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

The Circuit Court found that Chandler sustained (1) a "lumbo-sacral back strain and the left inguinal hernia"; (2) that it arose out of and in the course of his employ-

ment; (3) adequate notice; and (4) that he was entitled, in addition to certain total temporary disability payments, to a permanent disability award of fifteen percent to the body as a whole. Judgment was entered accordingly together with judgment for certain supplies, medical and hospital bills already incurred by Chandler. The employer, Paristyle Beauty Salon, Inc., is prosecuting this appeal in error.

■ Material evidence supports these findings. That evidence is succinctly and clearly stated in the Circuit Judge's six page memorandum opinion. No useful purpose can, therefore, be served by any discussion in this opinion of this feature of the case further than to refer to the Trial Judge's memo. opinion.

■ In the course of his opinion the Circuit Judge referred to certain testimony of Chandler which he said "is very discrediting" to Chandler. He then refers, however, to other evidence by reason of which he accepts Chandler's statement as to the hernia injury. The employer's insistence in substance is that this discrediting of Chandler necessitated a rejection of his entire testimony.

That insistence is fully met by a case to which the employer's brief refers, to-wit, *Atlas Powder Company v. Leister*, 197 Tenn. 491, 496-497, 274 S.W.2d 364, 366. In that case much the same situation arose, and much the same contention was made. This Court answered it by observing that the credibility to be given the witness is determined in that character of a case by the Trial Judge to the same extent as "does the hearing of that testimony by a jury and a trial judge".

■ Section 50-1009, T.C.A., provides with reference to a hernia that it must appear suddenly, be accompanied by pain, and immediately follow the accident, and not be in existence prior to the accident. The employer's insistence is that this hernia does not meet those requirements and particularly "the requirement of the statute that the hernia be accompanied by pain * * * and that the discovery of hernia several days later did not cure the failure to have pain". The brief then says that no case has been found where the hernia was not accompanied by "real pain".

Chandler testified that as he was struggling with the 200 pound weight of this machine he "felt a hot. sting up my back and in the side * * *. The one in the back felt hot and sharp". And the one in the "left region" "was just a sting at the time, it got worse a few days later".

This Court thinks that a stinging sensation comes within the definition of pain. Any one who has been stung by a wasp or hornet will probably be in full agreement with this statement. The two surgeons expressed the opinion that the accident out of which this suit grew "could have been a competent producing cause of the hernia", to borrow the language of the Trial Judge's memo. opinion.

The total money judgment awarded by the Court was $3,268.66. Included in this amount was an allowance "for surgical correction of the hernia"; the amount of $100 for surgery; $30 for anesthesis; $250 for hospital expenses; and "six weeks of temporary total disability for periods of confinement and recovery at $32.00 per week"; or a total of $572 by reason of expenses which it is estimated will be incurred in the contemplated operation to correct the hernia. Two exceptions to this allowance of

$572 are made. The first is that the Court has no authority to require payment by the employer for medical expenses incurred more than one year after notice of the injury. Section 50-1004, T.C.A. Code Supplement. More than a year has elapsed since notice of the injury was had.

 This provision of T.C.A. sec. 50-1004 is strictly construed when applicable. *P. H. Reynolds & Company et al. v. McKnight,* 177 Tenn. 228, 148 S.W.2d 357. It is not applicable here, however, because the employer, Paristyle Beauty Salon, denied liability. ''Where he (the employer) elects to deny all responsibility he may not be permitted to invoke'' this time limitation provided by the statute. 99 C.J.S. Workmen's Compensation sec. 272, p. 926, citing cases. Such holding is consistent with principle. Otherwise, an employer could deny all liability until the time limitation had expired and thereby escape its obligation to pay such expenses.

 As noted, this hernia operation has not been performed. The second exception is that the Court, therefore, is without any authority to make any allowance for such operation, and that the amounts fixed are speculative.

This Court is unable to find any authority for the allowance of estimated expenses which might be incurred in an operation which may never take place. On principle it does not think such an allowance is proper.

This Court is, however, of the opinion that if this operation is had within 12 months from the entry of judgment in this Court in this case that Chandler would be entitled to reimbursement for the expenses incurred to the extent estimated in the judgment of the Trial Court, provided

592

such expenses amount to that much. It has concluded, therefore, that this cause should be remanded with leave granted to the employee, Chandler, at any time within one year from the entry of the judgment in this Court to petition the Court for an award equal to the amount of expenses, within the time limitation, incurred by him in such operation and upon a showing that the operation has been had and such expenses incurred; and also an allowance for such length of time in which he was totally disabled by reason of such operation. A lien should be declared upon any such allowance in favor of the surgeon and hospital to whom the bills would be respectively owed.

The judgment of the Circuit Court will be modified so as to reduce the amount awarded by the aforesaid sum of $572. Costs will be adjudged against the plaintiff-in-error, Paristyle Beauty Salon, Inc. The cause will be remanded for the carrying out of this judgment.