**P. R. MALLORY AND COMPANY, INC., Appellant,**

v.

**Emma Jean RAMSEY, Appellee.**

Supreme Court of Tennessee.

April 24, 1978.

Hugh M. Carmichael, Sparta, for appellant.

John E. Acuff, Crawford, Barnes & Acuff, Cookeville, for appellee.

## OPINION

BROCK, Justice.

This is a workmen's compensation case. The plaintiff employee injured her leg by accident arising out of and in the course of her employment for which she was awarded 90% permanent partial disability by the trial court at the first hearing. The original decree of the Chancellor was appealed to this Court by the employer and was affirmed, in part, but was remanded to the trial court with directions. Although the plaintiff had prayed for an award of benefits for temporary total disability from the date of the accident, the Chancellor in his original decree made no specific adjudication one way or the other regarding temporary total disability but found that she suffered a 90% permanent partial disability to her right leg and awarded benefits accordingly.

Upon the first appeal to this Court, one of the issues considered was whether surgery upon the injured knee would improve the plaintiff's condition and reduce her disability and, since the court was of the opinion that this issue had not been properly developed at the first trial, the cause was remanded to the Chancery Court with leave granted to the parties to offer proof whether a particular surgical procedure recommended by Dr. John C. Brothers was reasonably required and to prove such expenses as would be incurred in performing such surgery.

Upon the remand, the Chancellor conducted an additional hearing at which he received the testimony of Dr. Brothers in the form of a deposition and the personal testimony of the plaintiff. The defendant employer offered no additional evidence. Upon consideration of this additional evidence, the Chancellor found that the surgical procedure proposed by Dr. John Brothers was necessary and authorized that it be performed at the expense of the defendant employer.

Further, upon motion of the plaintiff, the Chancellor awarded benefits for temporary total disability from the date of the accident until the plaintiff reaches maximum recovery. It was ordered that the defendant make a lump sum payment of all temporary total benefits already accrued and continue to make weekly payments of temporary total disability benefits at the maximum rate in effect at the time of the injury "until the period of maximum recovery, at which time this cause will further come on to be heard regarding permanent and partial disability."

The employer has again appealed to this Court and, by assignments of error, raises these issues:

(1) Does the evidence in the record support the finding of the trial court that the surgery proposed by Dr. Brothers is reasonably required?

(2) Does the defendant employer escape liability for the cost of such surgery because it will not have been performed within the three year period specified in T.C.A., § 50–1004?

(3) Was the trial court foreclosed from awarding benefits for temporary total disability upon the remand because of the Chancellor's failure to award temporary, as distinguished from, permanent disability benefits in his original decree?

█ The contention of the employer that the evidence does not support the conclusion of the trial court that the proposed surgery is reasonably required is frivolous. It complains that Dr. Brothers did not "order" the surgery. The statute, T.C.A., § 50–1004, does not require that medical treatment be "ordered" before the employer shall be liable for furnishing the same;

what the statute requires is that the employer shall furnish free of charge such medical and surgical treatment "as may be reasonably required; . . ." We find that the proposed surgery is reasonably required in this case. Thus, Dr. Brothers testified that he has recommended the surgery since 1975 and that it would have been performed already if the employer had agreed to pay for it; that the ultimate decision whether to have the surgery, of course, resides with the patient but that, in his opinion, such surgery probably would decrease her pain and disability. No more than this is required under the statute.

■ Even more frivolous is the argument of the employer that he is not liable for the costs of the proposed surgery because it was not performed within three years following the original injury. The statute, T.C.A., § 50–1004, does provide:

"For not exceeding three (3) years after notice of injury, the employer or his agent shall furnish free of charge to the employee such medical and surgical treatment (etc.) . . . as may be reasonably required; . . ."

Obviously, however, the three year period of limitations is tolled by the election of the employer to deny responsibility for such treatment. It was so held by this Court in *Paristyle Beauty Salon, Inc. v. Chandler,* 207 Tenn. 587, 341 S.W.2d 731 (1960).

■ Neither do we find any merit in the contention of the employer that the trial court, upon remand, was without authority to reopen his original decree and award benefits for temporary total disability. The necessary effect of the remand was to reopen the adjudication of permanent partial disability which the trial court had awarded in its original decree. Since permanent partial disability does not begin until temporary total disability ends, the two issues were so inextricably entwined that to reopen one necessarily amounted to reopening of the other. *See Floyd v. Tennessee Dickel Distilling Co.,* 225 Tenn. 65, 463 S.W.2d 684 (1971).

■ The Court concludes that this appeal is frivolous within the meaning of T.C.A., § 27–124, and, accordingly, awards damages to the appellee and against the appellant in the sum of $250.00.

All assignments of error made by the appellant are overruled, the decree of the Chancellor is affirmed and this cause is remanded to the trial court for such further proceedings as are necessary and proper in the premises. Costs incurred upon this appeal are adjudged against the appellant.

HENRY, C. J., COOPER, HARBISON, JJ., and DAUGHTREY, Special Judge, concur.