CNA INSURANCE COMPANY,
Plaintiff-Appellant,

v.

N. L. TRANSOU, Defendant-Appellee.

Supreme Court of Tennessee.

March 23, 1981.

**336**

Robert M. Burton, Memphis, for plaintiff-appellant.

Eugene C. Gaerig, Memphis, for defendant-appellee.

## OPINION

BROCK, Justice.

In this worker's compensation case the trial judge awarded to the defendant-employee benefits for 30% permanent partial disability to his body as a whole. The insuror for the employer has appealed, contesting that judgment.

Although the employer, Gould, Inc., and its insuror, CNA Insurance Company, offered no evidence in the trial court, the insuror has alleged eight errors in the findings and judgment of the trial court, including assertions that the accident and injury did not arise out of and in the course of the employee's employment and that the employee did not give the employer notice as required by T.C.A., § 50–1001. Of course, the trial court found all issues in favor of the employee and our review of the facts thus found by the trial court is limited to ascertaining whether there is any material evidence to support those findings. *Davis v. Gulf Insurance Group*, Tenn., 546 S.W.2d 583 (1977); *Cassell Brothers, Inc. v. Cole*, Tenn., 519 S.W.2d 796 (1975). Even if this Court should consider that the evidence preponderates against the findings of the trial court, those findings will, nevertheless, be upheld so long as there is any material evidence to support them. *Davis v. Gulf Insurance Group, supra*, and cases there cited.

The record indicates that the employee is 5 feet 7 inches tall, 37 years of age, married and the father of two children; that he has an eleventh grade education and has been engaged in heavy labor employment all his life, including 12 years employment with the Gould company; that in 1972 while working for the Gould company in Chicago he injured his back which resulted in his being off from work for approximately three months and the payment of workmen's compensation benefits to him in the approximate sum of $3,500.00; that upon his return to work for the Gould company after his absence of three months he continued to do the same kind of work he had done previously and continued to work for Gould in Chicago until transferred to the Gould plant in Memphis in 1974; that he worked at the Gould plant in Memphis without incident from 1974 until late July or early August, 1978, at which time he reinjured his back while lifting battery straps weighing approximately 65 to 80 lbs. from the floor up to his chest; that he notified his supervisor of the fact that he had thus hurt his back but that he did not seek medical attention at that time because the pain was not severe; that he continued to work from the time of that injury until December 19, 1978, at which time, because of the increasingly severe pain in his back, his buttocks and right leg, he sought medical attention; he was first seen and examined by Dr. Blumenfeld who surmised that he had a ruptured intervertebral disc and referred him to Dr. Hudson, a neurological surgeon, who treated such injuries; that on December 19, 1978, the employee was first informed that his complaints were due to a ruptured intervertebral disc and he was informed that he should have surgery and was given a written note to that effect which he was instructed to carry to his employer; that he took the note to his supervisor but was informed that he could not expect his employer's workmen's compensation insuror to pay for the surgery and other medical expenses but that he should enter the hospital as instructed by Dr. Hudson and that his medical expenses would be paid by Travelers Insurance Company which insured the employer's group medical insurance plan for its employees; that in January, 1979, surgery was performed and was quite successful so that the employee was allowed to return to work on April 1, 1979, where he has continued to

work ever since; that Dr. Hudson stated that his medical opinion was that the employee had a "permanent partial impairment rating of 10% based on the anatomic body as a whole"; that Dr. Hudson also recommended that "when another type job became available, that it would be advisable for him to change"; that as part of the significant history of the employee's illness, Dr. Hudson, when he examined the employee on December 19, 1978, stated:

> "Approximately three months ago after lifting straps he developed a small amount of pain that occurred intermittently, but then over the last three weeks this has gradually increased becoming associated with the right hip and posterior leg pain. He worked yesterday."

Dr. Hudson further stated in an office note of December 27, 1978:

> "I feel he needs to be admitted to the hospital for myelography and surgery. Arrangements are being made. There is some question as to whether workmen's compensation is going to cover this and I feel like for his benefit, this ought to be clarified before his admission to the hospital."

The Travelers Company, as the insuror of Gould's group disability and hospital plan, paid medical expenses and disability benefits on behalf of the employee in the total amount of $4,755.69 which the trial court ordered should be paid over to Travelers from the judgment which he awarded in this case.

■ We hold that the trial court was correct in concluding that the employee did not have sufficient knowledge of the nature of his injury and disability to provide the employer with notice of the ruptured disc until December 19, 1978, when he was first informed that he had such an injury. He had already informed his supervisor of the injury suffered when he was lifting the battery straps in late July, 1978. Of course, it is well settled that written notice is not required when the employer has received such actual notice. There can be no doubt that the employee's lifting of the battery straps weighing between 65 and 80 lbs. in late July, 1978, was an accident arising out of and in the course of his employment.

■ Neither party offered testimony of medical experts in this case but both parties stipulated that Drs. Hudson and Blumenfeld would testify in accordance with certain medical reports and notes made by them which were filed as exhibits in the evidence in this case. It may be inferred that the ruptured disc sustained by the employee resulted from his lifting the 65 to 80 lbs. of battery straps in late July, 1978, since that incident is the only one listed as the significant history by Dr. Hudson in his office note made December 19, 1978, when he first examined the employee. This inference is further fortified by the statement in Dr. Hudson's later office note of December 27, 1978, wherein he stated that:

> "There is some question as to whether workmen's compensation is going to cover this and I feel like for his benefit, this ought to be clarified before his admission to the hospital."

We infer that the doctor was of the opinion that workmen's compensation ought to cover the expenses to be incurred by the employee's surgery. In our opinion the stipulated medical reports and notes coupled with the testimony of the employee regarding the lifting incident in late July, 1978, constitutes sufficient evidence to connect the injury with the accident, at least when it is unrebutted in any way whatever by the employer or its insuror.

■ The trial court was not bound to fix the extent of disability at 10%, the estimate of physical impairment made by Dr. Hudson, but was required to consider other factors such as the employee's limited education, and his lack of work skills other than hard labor. The record supports his conclusion that the employee suffered a 30% permanent partial disability of the body as a whole.

■ The employer and its insuror are in no position to argue that the employee should have chosen one of the three physicians listed by the employer on a bulletin board at his place of business. An employ-

er who denies all liability for an accident and injury claimed by an employee is in no position to insist upon the statutory provisions respecting the choosing of physicians. *Paristyle Beauty Salon, Inc. v. Chandler,* 207 Tenn. 587, 341 S.W.2d 731 (1960). In the instant case the record shows conclusively that when the employee brought Dr. Hudson's note back to his employer on December 19, 1978, notifying the employer that it was necessary that the employee have disc surgery, the employer expressly refused to accept any responsibility for the employee's injury as a workmen's compensation injury and told him that if he entered the hospital for the surgery he would have to look to the group employees' hospitalization insuror, The Travelers Company, for payment of his expenses. There is no suggestion that the expenses thus incurred were not necessary, proper and reasonable for the treatment of the employee's injuries and under all of these circumstances we hold that the employer and its insuror may not insist upon the physician selection procedure set out in T.C.A., § 50–1004.

The trial court ordered a commutation of the employee's worker's compensation benefits to a lump sum, as provided by T.C.A., § 50–1023. In this he erred because the employer did not consent to such commutation and the amendment to the statute authorizing commutation without the consent of the employer did not take effect until after the employee's accident and injury occurred in this case. The 1979 amendment to the statute may not be retroactively applied. *Armour v. Union Carbide Corporation,* Tenn., 594 S.W.2d 690 (1980). *Valles v. Daniel Construction Company,* Tenn., 589 S.W.2d 911 (1979).

We deny the employee's claim for an award of damages pursuant to T.C.A., § 27–1–122. Since the insuror succeeded in its contention that the trial court erred in commuting the employee's recovery to a lump sum, we are unable to conclude that the appeal was frivolous.

So much of the decree of the trial court as commuted the employee's recovery to a lump sum is reversed and set aside; in all other respects the decree of the trial court is affirmed and this cause is remanded for such further proceedings as are consistent with this opinion and appropriate. Costs of this appeal are adjudged against the appellant.

HARBISON, C. J., and FONES and COOPER, JJ., concur.