FILED

**October 7, 2015**

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 7:15 AM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | |
|---|---|
| Cheryl L. Muffat, | ) |
|      Employee, | ) |
| v. | ) |
| The Blue Chair, Inc., | ) |
|      Employer, | ) |
| And | ) |
| RTW Insurance Co. | ) |
|      Insurance Carrier. | ) |
| | ) |

**Docket No.: 2015-01-00142**

**State File Number: 43475-2015**

**Judge Thomas Wyatt**

## EXPEDITED HEARING ORDER DENYING MEDICAL AND TEMPORARY DISABILITY BENEFITS

This claim came before the Court on September 15, 2015, for an in-person Expedited Hearing. The issues presented for determination at the Expedited Hearing were whether Cheryl L. Muffat, the employee, injured her right foot at work on January 29, 2015, and if she did, whether she gave her employer, The Blue Chair, Inc. (Blue Chair), timely notice of her claim.[1] For the reasons set forth below, the Court finds Ms. Muffat is not entitled to the requested medical and temporary disability benefits.

### History of Claim

According to her Petition for Benefit Determination, Ms. Muffat is a sixty-three-year-old resident of Grundy County, Tennessee. (T.R. 1 at 1.) On January 29, 2015, the alleged date of injury, she worked as a cook for Blue Chair at its restaurant in Sewanee, Tennessee. (Ex. 4 at 1.) Ms. Muffat allegedly fractured her right foot when she tripped while hanging a floor mat on the rail of the restaurant's back porch. *Id.* The porch rail broke as she attempted to place the mat over it, causing her to stumble and bend her right foot forward. *Id.*

Ms. Muffat claims she told her managers, Amy Hanna and Nichalaus Rent, she injured her foot at work the day after the injury occurred. *Id.* In the Notice of Denial of

---

[1] Additional information regarding the technical record and the exhibits admitted at the Expedited Hearing is attached to this Order as an Appendix.

Claim it filed, Blue Chair stated it denied Ms. Muffat's claim because her "work related injury was not reported to the Blue Chair. We were only made aware she injured herself at home and only notified regarding the work related complaint after [Ms. Muffat] was terminated." (Ex. 5.) Blue Chair denied Ms. Muffat's claim without paying benefits.

Ms. Muffat sought emergency care for right-foot pain on February 2, 2015, at Southern Tennessee Regional Health Center. (Ex. 3 at 1.) X-rays taken on this visit revealed no fracture or misalignment. (Ex. 3 at 2.) Ms. Muffat mentioned her right foot to a physician at the hospital on two subsequent visits for which she was treated for other conditions. (Ex. 3.)

Ms. Muffat eventually came under the care of Dr. Robert Bell at Highland Rim Foot and Ankle Clinic, PLLC for her right-foot complaints. (Ex. 2 at 1.) On April 8, 2015, Dr. Bell ordered x-rays and diagnosed a "stress fracture [of the] right third metatarsal" and "degenerative arthropathy of the right second tarsometatarsal joint." (Ex. 2 at 2.) Dr. Bell instructed Ms. Muffat to wear an air cast for all weight-bearing activities. *Id.*

Ms. Muffat saw Dr. Bell on two subsequent occasions. (Ex. 2 at 4-5.) On the most recent visit on May 18, 2015, Dr. Bell interpreted an x-ray examination to show some healing of the right-foot fracture and instructed Ms. Muffat to continue using the air cast. (Ex. 2 at 5.)

Ms. Muffat worked at Blue Chair until April 27, 2015, when the restaurant terminated her for an alleged bad attitude and interpersonal problems with co-employees. (Ex. 4 at 2.) Ms. Muffat claims the stated reasons for the termination are false.

### Findings of Fact and Conclusions of Law

*General Legal Authority*

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). The employee in a workers' compensation claim has the burden of proof on all essential elements of a claim. *Tindall v. Waring Park Ass'n,* 725 S.W.2d 935, 937 (Tenn. 1987);[2] *Scott v. Integrity Staffing*

---

[2] The Tennessee Workers' Compensation Appeals Board allows reliance on precedent from the Tennessee Supreme Court "unless it is evident that the Supreme Court's decision or rationale relied on a remedial interpretation of pre-July 1, 2014 statutes, that it relied on specific statutory language no longer contained in the Workers' Compensation Law, and/or that it relied on an analysis that has since been addressed by the general assembly through statutory amendments." *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, *13 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

*Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.*

### *Notice*

Tennessee Code Annotated section 50-6-201(a)(1) (2014) provides, "[e]very injured employee . . . shall, immediately upon the occurrence of an injury, or as soon thereafter as is reasonable and practicable, give or cause to be given to the employer *who has no actual notice,* written notice of the injury[.]" (Emphasis added.) Tennessee Code Annotated section 50-6-201(a)(4) (2014) provides, "notice shall be given personally to the employer or the employer's agent or agents having charge of the business at the time the injury was sustained by the employee."

The Tennessee Supreme Court has equated timely verbal notice of the work-relatedness of an injury with actual notice. *See Earls v. Calsonic Yorozu Corp.,* No. M2002-01309-WC-R3-CV, 2003 Tenn. LEXIS 732, at *6 (Tenn. Workers' Comp. Panel Oct. 2, 2014), holding, "[the employee] gave verbal notice to her supervisor[.] Hence, the employer had actual knowledge of her injury." *See generally Bogus v. Manpower Temporary Services,* 823 S.W.2d 544, 545-7 (Tenn. 1992); *CNA Ins. Co. v. Transou,* 614 S.W.2d 335, 336-7 (Tenn. 1981). Tennessee Code Annotated section 50-6-201(a)(4) (2014) provides, "notice shall be given personally to the employer or the employer's agent or agents having charge of the business at the time the injury was sustained by the employee."

The evidence at the Expedited Hearing differed sharply on the notice issue. Ms. Muffat testified she did not report her injury the evening it occurred because she closed the restaurant by herself. She testified she told her supervisors, Ms. Hanna and Mr. Rent, "the very next day" that she hurt her foot at work, explaining how the injury occurred. (Ex. 4 at 1.) On cross-examination, Ms. Muffat conceded she did not work again after the injury occurred until February 1, 2015, thus the notice she allegedly gave occurred two days after the alleged injury.

Ms. Muffat testified she communicated with a co-employee on *Facebook* about injuring her foot and sought to introduce a print-out of February 1, 2015 posts to her *Facebook* page. (Ex. 7.) The Court overruled Blue Chair's hearsay objection as to the posts made by Ms. Muffat, but sustained the objection as to posts made by another person. A posting under the name "Cheryl Rinehart Muffat" includes the following text:

"I may have broke my foot the day I did a dbl I was setting the mats out side [sic] and tripped on them." (Ex. 7.)

Ms. Hanna was the "front of the house" manager at Blue Chair's restaurant at the time Ms. Muffat allegedly injured her right foot. She testified that, in early February, 2015, she observed Ms. Muffat limping at work and asked her what was wrong. Ms. Muffat allegedly responded that she injured her foot at home when she fell over an ottoman.[3] She testified Ms Muffat joked about the ottoman incident several times, calling herself "clumsy." Ms. Hanna claimed Ms. Muffat never told her she injured her foot at work.

Blue Chair submitted the affidavits of Gary Sturgis, a co-owner of Blue Chair, and Amy Nelson, a server. Both affidavits support Ms. Hanna's claim that Ms. Muffat told her she injured her foot at home.

Blue Chair also presented the telephonic testimony of Mr. Rent, who now lives in St. Louis, Missouri. Mr. Rent testified Ms. Muffat told him two or three weeks after she was hurt that she tripped on a mat at work, reinjuring her right foot. Mr. Rent testified Ms. Muffat told him she initially injured her foot at home.

As kitchen manager at Blue Chair's restaurant on the date of injury, Mr. Rent had direct supervisory authority over Ms. Muffat, a cook.[4] As such, he is a person to whom Ms. Muffat may give notice of her injury in satisfaction of the statutory requirement. *See* Tenn. Code Ann. § 50-6-201(a)(4) (2014). Mr. Rent's testimony that, *within two or three weeks of the date of injury*, Ms. Muffat told him she injured her right foot at work establishes Ms. Muffat gave notice within the time period established by section 50-6-201(a)(1). Accordingly, the Court finds that, at a final compensation hearing, Ms. Muffat will likely prevail in her claim she gave Blue Chair timely notice of her right-foot injury.

*Causation*

Except in the most obvious, simple and routine cases, an employee in a workers' compensation case must establish a causal relationship between the claimed injury and the employment activity by expert medical testimony, as supplemented by the lay evidence. *Orman v. Williams Sonoma, Inc.*, 803 S.W.2d 672, 676 (Tenn. 1991). Because Ms. Muffat reported to others she first injured her right foot at home, this claim does not present an "obvious, simple and routine" claim in which expert medical opinion of causation is not required.

According to the reforms to the Workers' Compensation Law, "[a]n injury causes

---

[3] Ms. Muffat testified she does not own an ottoman.
[4] Mr. Rent testified he terminated Ms. Muffat. Ms. Hanna testified she and Mr. Rent made a joint decision to terminate Ms. Muffat.

4

death, disablement or the need for medical treatment only if it has been shown by a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the death, disablement or the need for medical treatment, considering all causes." Tenn. Code Ann. §50-6-102(13)(C) (2014). Tennessee Code Annotated section 50-6-102(13)(D) (2014) provides, "'shown to a reasonable degree of medical certainty' means that, *in the opinion of the physician*, it is more likely than not considering all causes, as opposed to speculation or possibility." (Emphasis added.)

Dr. Bell noted in his initial treatment note that Ms. Muffat's "[o]nset of symptoms was gradual," and that she denied "any inciting traumatic event." (Ex. 2 at 1.) The records documenting subsequent visits to Dr. Bell do not indicate Ms. Muffat told him that she suffered a work-related injury. Further, Dr. Bell's records do not indicate he addressed the work-relatedness of Ms. Muffat's right-foot condition or that Ms. Muffat asked him to do so. Based on the above facts, the Court finds Ms. Muffat did not report to Dr. Bell that she hurt her right foot on the job at Blue Chair.

The only other medical records in evidence in this claim are those of Southern Tennessee Regional Health System. While the Southern Tennessee records from a visit on February 2, 2015, indicate Ms. Muffat reported she, "tripped on a floor mat 4 days ago" (Ex. 2 at 3), the notes do not contain the causation opinion required by statute. In fact, the practitioners at Southern Tennessee never diagnosed a fracture in Ms. Muffat's right foot, but assessed her problem as a sprain, strain, or contusion. (Ex. 3.)

In that the medical records introduced at the Expedited Hearing do not contain an expert medical opinion that Ms. Muffat's broken right foot is work-related, the Court finds that, at a hearing on the merits, Ms. Muffat is unlikely to prevail in establishing the work-relatedness of her alleged injury.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Muffat's claim against Blue Chair and its workers' compensation carrier for the requested medical benefits and temporary disability benefits is denied at this time.

2. This matter is set for an Initial (Scheduling) Hearing on December 16, 2015, at 10:00 a. m. Eastern Time.

5

**ENTERED** this the 7th day of October, 2015.

_Thomas R. Wyatt_

**Judge Thomas Wyatt**
**Court of Workers' Compensation Claims**

Initial (Scheduling) Hearing:

A Scheduling Hearing has been set on December 16, 2015, at 10:00 a. m., Eastern Time, with **Judge Thomas Wyatt, Court of Workers' Compensation Claims. You must call 615-741-3061 or toll-free at 855-747-1721 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk _within seven business days_ of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying

the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within three business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within three business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order Denying Additional Medical and Temporary Disability Benefits was sent to the following recipients by the following methods of service on this the 7th day of October, 2015.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|------|------|------|------|
| Cheryl L. Muffat | | | x | Scuffy1211@yahoo.com |
| Daniel Howard, Employer/Carrier's Counsel | | | x | Daniel.Howard@SH-Trial.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

8

**APPENDIX**

Exhibits:
1. Billing Records of Advanced Radiology Associates; Southeastern Emergency Physicians; Southern Tennessee Regional Health System; and Highland Rim Foot & Ankle Clinic, PLLC;
2. Records of Highland Rim Foot & Ankle Clinic, PLLC/Dr. Robert Bell;
3. Records of Southern Tennessee Regional Health System;
4. Affidavit of Cheryl L. Muffat;
5. Notice of Denial of Claim For Compensation (C-23);
6. Wage Statement (C-41);
7. Facebook communication of Cheryl L. Muffat;[i]
8. Affidavit of Amy Nelson; and
9. Affidavit of Gary Sturgis.

Technical record:
1. Petition for Benefit Determination, filed June 9, 2015;
2. Dispute Certification Notice, filed July 31, 2015;
3. Request for Expedited Hearing, filed August 14, 2015
4. Affidavit of Cheryl L. Muffatt, filed June 3, 2015;
5. Defendant's Pre-Hearing Brief, filed August 27, 2015;
6. Motion for Extension, filed August 18, 2015;
7. Motion to Present Witness Testimony by Telephone, filed September 1, 2015;
8. Order granting extension, filed August 21, 2015; and
9. Order granting leave for witness to testify by telephone, filed September 9, 2015.

The Court considered factual statements in the above filings as allegations unless established by the evidence introduced at the Expedited Hearing. The Court did not consider attachments to the above filings unless introduced into evidence as an exhibit.

---

[i] The Court sustained Blue Chair's hearsay objection to the comments of Misty Bryant recorded on the exhibit and did not consider the comments in the determination of this claim. The comments remain in the record for identification purposes only.