FILED

May 18, 2017

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 9:45 A.M.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Patrice Berdnik | ) Docket No. 2016-04-0328 |
| | ) |
| v. | ) State File No. 78710-2016 |
| | ) |
| Fairfield Glade Community Club, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Robert V. Durham, Judge | ) |

_____

**Affirmed in Part, Reversed in Part,
and Remanded - Filed May 18, 2017**

_____

This interlocutory appeal involves an employee who claims to have suffered a back injury retrieving ice from her employer's ice machine. The employer denied the claim without providing a panel of physicians or other benefits and, after the employee requested an expedited hearing, had the employee examined by a physician of its choosing. That physician opined the employment did not contribute more than fifty percent in causing the employee's current condition. Following an expedited hearing, the trial court concluded that the employee had not established she was likely to prevail in proving a compensable injury and declined to award medical expenses and temporary disability benefits. Nonetheless, the trial court ordered medical benefits in the form of a panel of physicians "for evaluation, and if necessary, treatment." The employer has appealed, arguing that the award of medical benefits was error. We agree and reverse that part of the trial court's decision. The decision is affirmed in all other respects. We also refer the employer to the Penalty Unit of the Bureau of Workers' Compensation for investigation and assessment of any penalties that may be appropriate stemming from the employer's failure to provide a panel of physicians in accordance with Tennessee Code Annotated section 50-6-204 and Tenn. Comp. R. & Regs. 0800-02-01-.25.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Timothy W. Conner joined.

Mary Dee Allen, Cookeville, Tennessee, for the employer-appellant, Fairfield Glade Community Club

1

Patrice Berdnik, Crossville, Tennessee, employee-appellee, pro se

**Factual and Procedural Background**

Patrice Berdnik ("Employee") was employed by Fairfield Glade Community Club ("Employer") to work in one of its restaurants. She also worked in a snack bar located next to one of Employer's golf courses near the restaurant. Employee's duties included retrieving ice for the snack bar from the restaurant, which necessitated filling five gallon buckets from an ice machine, placing them in a golf cart and, once at the snack bar, pouring the ice into coolers.

Employee testified that she hurt her back bending to reach into the ice machine on September 4, 2016. She described feeling "something" in her back, stating "I don't know if it was a pinch, I don't know if it was a spasm, but something happened." According to Employee, she "pulled [herself] out from the machine and kind of just caught [her] breath." She worked the next two days and thought she would recover because she was scheduled to be off several days thereafter. Her supervisor contacted her on September 8, 2016, and asked her to fill in for employees who were going on vacation. Employee told her supervisor she was unable to work those shifts because she had "hurt [her] back getting ice, and [her] sciatic and lower back [were] bothering [her]."

Employer did not provide Employee a panel of physicians or any medical treatment, and she sought treatment on her own. An MRI on October 18, 2016, revealed degenerative disc disease, central canal stenosis at L3 and L4, and evidence of a prior surgery. Employee does not dispute she had a history of back problems, including a lumbar fusion pre-dating the incident giving rise to this claim.

Employee testified that Employer's "safety officer" interviewed her on October 5, 2016 and took her statement. Six days later, on October 11, 2016, Employer denied the claim, stating that, "[b]ased on the prior medical records, the claimant has chronic back issues not work related. There is no specific event that occurred that caused a compensable work injury. Does not meet the definition of a work related injury or accident." The notice of denial also reflects Employee had not treated with an authorized physician.

At the request of Employer, Employee was examined by an orthopedic surgeon, Dr. Patrick Bolt, on March 1, 2017, nearly two months after Employee sought an expedited hearing. Dr. Bolt recorded a history consistent with Employee's testimony and observed that she had a significant history of back problems "occurring in a persistent pattern for 4 years," including a fusion surgery prior to the incident involving the ice machine at work. According to Dr. Bolt, X-rays and the MRI performed after this incident did not reveal an acute injury and Employee's complaints were likely an aggravation or exacerbation of her pre-existing condition, not the result of a new injury.

2

He stated that, "[g]iven the lack of objective findings and the fact that this exacerbation/aggravation occurred while performing a normal work duty that she had been performing multiple times over the course of her employment, [it] does not appear to meet the Tennessee Department of Labor's guideline to physicians [sic] definition of injury."[1]   According to Dr. Bolt, "[i]n all likelihood, this represents pain from [Employee's] pre-existing spondylosis or failed hardware."

Dr. Bolt also answered questions posed to him by Employer.  He agreed that the employment did not "cause a greater than 50% aggravation of [Employee's] underlying condition," stating that, "[b]ased on her subjective reports and history, it appears that she experienced a significant and considerable exacerbation/aggravation of her chronic low back pain and sciatica."  Ultimately, however, he concluded that "based on the patient's history, physical examination, review of imaging studies, and review of the medical record, and based on a reasonable degree of medical certainty, I do not feel that bending for ice into the ice machine contributed greater than 50% of her current condition."

Following an expedited hearing, the trial court concluded that Employee had not established she would likely prevail in proving a compensable injury and declined to award medical expenses and temporary disability benefits.  Nonetheless, the trial court ordered medical benefits in the form of a panel of physicians "for evaluation, and if necessary, treatment" of Employee's back condition.  Employer has appealed.

## Standard of Review

The standard we apply in reviewing a trial court's decision is statutorily mandated and limited in scope.  Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise."  Tenn. Code Ann. § 50-6-239(c)(7) (2015).  The trial court's decision may be reversed or modified if the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A)   Violate constitutional or statutory provisions;
(B)   Exceed the statutory authority of the workers' compensation judge;
(C)   Do not comply with lawful procedure;
(D)   Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion; or
(E)   Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015).

---

[1] To the extent this comment reflects Dr. Bolt's assessment of whether Employee's injury met the legal definition of a compensable injury, such an opinion is, for our purposes, irrelevant.

3

**Analysis**

Employer argues that the trial court erred in finding Employee was entitled to medical benefits in light of the court's conclusion that she was unlikely to prove a compensable injury at trial. Employer urges us to reverse the trial court given that the only expert medical evidence in the record is that Employee's condition did not arise primarily out of her employment. Employee has filed no response.

Our analysis in this case is driven by the definition of a compensable injury established by the legislature, which has declared that an injury must arise primarily out of and occur in the course and scope of the employment. Tenn. Code Ann. § 50-6-102(14) (2016). In order to establish that an injury arises primarily out of the employment, the employee must show "by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes." Tenn. Code Ann. § 50-6-102(14)(B). Further, "[a]n injury causes death, disablement or the need for medical treatment only if it has been shown to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the death, disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14)(C). "'Shown to a reasonable degree of medical certainty' means that, in the opinion of the physician, it is more likely than not considering all causes, as opposed to speculation or possibility." Tenn. Code Ann. § 50-6-102(14)(D).

These same principles apply when an employee seeks to establish a compensable aggravation of a pre-existing condition. Specifically, a compensable injury does not include an aggravation "unless it can be shown to a reasonable degree of medical certainty that the aggravation arose primarily out of and in the course and scope of employment." Tenn. Code Ann. § 50-6-102(14)(A). Moreover, Tennessee courts have long held that an increase in pain alone is not a compensable aggravation. *See, e.g.*, *Fly v. Travelers Ins.*, No. W2011-01215-SC-WCM-WC, 2012 Tenn. LEXIS 642, at *10 (Tenn. Workers' Comp. Panel Sept. 20, 2012) ("A mere increase in pain due to a pre-existing condition is not compensable.").

*A. Not likely to prevail at trial*

Guided by these principles, we first address the trial court's finding that Employee was not likely to prove a compensable injury at trial. The initial question is whether Employee came forward with sufficient evidence of a "specific incident" that was "identifiable by time and place of occurrence" that caused her alleged injury. *See* Tenn. Code Ann. § 50-6-102(14)(A) (an injury is "accidental" when it is "caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence"). The record reveals that Employee claimed a specific incident on a specific day that occurred while she was performing a specific action associated with her employment. She testified that on

4

September 4, 2016, while retrieving ice from an ice maker, she had to bend over and place her upper body inside the machine to reach the ice at the bottom of the bin and that, when she did so, she felt pain in her back. Accordingly, Employee satisfied the "specific incident" requirement in Tennessee Code Annotated section 50-6-102(14)(A).

However, Employee failed to establish she was likely to prevail at trial in proving that her employment contributed more than fifty percent in causing a compensable aggravation of her pre-existing condition or the need for medical treatment, considering all causes, as section 50-6-102(14)(B) requires. The trial court found that "[Employee] failed to provide sufficient evidence from which the Court can determine she is likely to prevail at a hearing on the merits regarding causation," a finding Employee does not contest. The only medical opinion in the record is that of Dr. Bolt, who opined that the employment did not contribute more than fifty percent in causing her condition. While we acknowledge that this opinion was rendered by Employer's physician rather than an authorized physician chosen from a panel, it is, nonetheless, the only medical opinion upon which we can rely in reviewing the trial court's decision.

In cases such as this one where an employer has presented expert medical proof that the employee's condition is not work-related, the employee must present expert medical proof that the alleged injury is causally related to the employment when the case is not "obvious, simple [or] routine." *Willis v. All Staff*, No. 2014-05-0005, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *27 (Tenn. Workers' Comp. App. Bd. Nov. 9, 2015).[2] While lay testimony may be probative on the issue of causation, it is insufficient to meet an employee's burden of proof in the absence of medical evidence. *Argica v. AtWork Pers. Servs.*, No. 2015-02-0217, 2016 TN Wrk. Comp. App. Bd. LEXIS 6, at *7 (Tenn. Workers' Comp. App. Bd. Feb. 2, 2016). *See also Scott v. Integrity Staffing Solutions*, No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *12 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015) ("Employee's lay testimony in this case, without corroborative expert testimony, did not constitute adequate evidence of medical causation" and could not overcome the only medical opinion provided.). Here, not only is there no medical proof supporting Employee's claim for benefits, but there is unrefuted expert medical proof contrary to her position. Furthermore, as noted previously, evidence of a mere increase in pain caused by a work accident, which is the most that can be said of Employee's proof, is insufficient to establish the compensability of an alleged aggravation. *Fly*, 2012 Tenn. LEXIS 642, at *10.

Consequently, the trial court correctly declined to award medical expenses and temporary disability benefits based on a finding that Employee was unlikely to prevail in establishing a compensable aggravation or injury at trial, even under the less stringent burden of proof applicable to interlocutory determinations. *See* Tenn. Code Ann. § 50-6-

---

[2] *Willis* is currently pending review in the Tennessee Supreme Court.

239(d)(1) (Benefits may be awarded prior to trial "upon determining that the injured employee would likely prevail at a hearing on the merits.").

*B. Award of medical benefits*

The more difficult aspect of this case concerns the trial court's award of medical benefits. Even though the trial court determined Employee was unlikely to establish at trial that her condition arose primarily out of her employment, the court awarded medical benefits in the form of a panel of physicians "for evaluation, and if necessary, treatment." This was error in light of the undisputed expert medical evidence and the court's finding that Employee was unlikely to prevail at trial which, again, is a finding Employee does not challenge.

Tennessee Code Annotated section 50-6-204(a)(1)(A) (2016) requires an employer to "furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident as defined in this chapter." This obligation requires an employer to "designate a group of three (3) or more . . . physicians . . . from which the injured employee shall select one to be the treating physician." Tenn. Code Ann. § 50-6-204(a)(3)(A)(i). The regulation specifying the time within which such medical care is to be offered states:

> [u]pon notice of any workplace injury, other than a minor injury for which no person could reasonably believe requires treatment from a physician, the employer shall immediately provide the injured employee a panel of physicians that meets the statutory requirements for treatment of the injury. In any case where the employer fails to provide a panel of physicians to the employee within a reasonable amount of time, but in no instance longer than five (5) business days from the date the employer has notice of an injury that would qualify for medical benefits . . . the employer may be assessed a civil penalty . . . .

Tenn. Comp. R. & Regs. 0800-02-01-.25(1) (2015).

In awarding medical benefits in this case, the trial court relied upon *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). There is, however, a key distinction between the facts and circumstances of this case and those in *McCord*. In that case, there was no medical proof either establishing or refuting causation. The employer in that case had provided a panel of physicians but had refused to schedule an appointment with the physician the employee chose. *Id.* at *5. Here, however, there *is* a medical opinion addressing causation, and that opinion is uncontradicted at this stage of

the case.  To order medical benefits under these circumstances is to ignore the only expert medical proof in the record, which we cannot do.[3]

Instead, the circumstances in this case are similar to those in *Shannon v. UPS*, No. 2015-06-0052, 2015 TN Wrk. Comp. App. Bd. LEXIS 47 (Tenn. Workers' Comp. App. Bd. Dec. 3, 2015).  In that case, the employee reported an injury but did not receive authorized medical care.  Rather, he sought treatment on his own and, after undergoing surgery and receiving an opinion from his physician that the injury was not work-related, he sought benefits.  *Id.* at *2-5.  At the time of the expedited hearing, the only medical opinion in the record addressing causation was that of the employee's physician, who had opined the injury was not work-related.  *Id.* at *4-5.  As in the present case, the trial court in *Shannon* concluded the employee had not presented sufficient evidence to establish he would likely prevail at trial.  *Id.* at *5.  We agreed and affirmed the court's decision not to order a panel of physicians, observing that the employee "had the burden to come forward with sufficient evidence from which the trial court could conclude that [he] is likely to prove his medical condition . . . arose primarily from the work accident . . . .  The expert medical opinion included in the record is contrary to [the employee's] position on this issue."  *Id.* at *9.

The same is true here.  The only medical opinion addressing causation contained in the record is contrary to Employee's position.  Absent countervailing medical proof, this opinion must carry the day, as there is no authority to award benefits in the face of undisputed medical evidence that an injury did not arise primarily out of the employment.[4]  To hold otherwise would ignore the parameters for awarding benefits set by the legislature and would effectively broaden workers' compensation coverage to general health insurance.  Of course, we can do neither.  *See Jose v. Equifax, Inc.*, 556 S.W.2d 82, 84 (Tenn. 1977) ("Workmen's compensation coverage is not as broad as general, comprehensive health and accident insurance.").  Consequently, the trial court's award of medical benefits is reversed.

---

[3] Our decision in *Lamm v. E. Miller Construction, Inc.*, No. 2015-01-0429, 2016 TN Wrk. Comp. App. Bd. LEXIS 83 (Tenn. Workers' Comp. App. Bd. Nov. 8, 2016), is likewise distinguishable.  In that case, although the evidence was equivocal, it appeared that the employee had not actually been seen by a physician and that the opinion regarding the cause of the employee's injuries had been rendered by a nurse practitioner rather than a physician.  *Id.* at *2-4.  Moreover, unlike in this case, the trial court in *Lamm* found the employee was likely to prevail in proving his entitlement to benefits at trial.  *Id.* at *13.  As we observed in upholding the trial court's decision to order a panel of physicians, "the trial court must consider the evidence before it and decide whether the employee is *likely* to be able to satisfy that burden of proof at a compensation hearing."  *Id.*  In the present case, the trial court concluded, and we agree, that Employee is not likely to prevail at trial in establishing a compensable injury, particularly in light of the fact that the only causation opinion provided in this case was rendered by a physician and was undisputed.

[4] Because of the interlocutory nature of this proceeding, Employee is not foreclosed from obtaining such an opinion and presenting it at another expedited hearing, if any, or at trial.

We hasten to add that our resolution of this issue should not be viewed by employers or their insurers as license to skirt their obligations under section 50-6-204 or Tenn. Comp. R & Regs. 0800-02-01-.25, for to do so exposes them to distinct, and significant, risks. The first risk is to lose control of the course of an employee's medical treatment and the imposition of medical expenses the employer would not otherwise have to pay.[5] The second risk is exposure to a penalty imposed pursuant to Tennessee Code Annotated section 50-6-118(a)(11)-(12) (2016). That said, it is not the courts' role to devise an avenue of redress different from that provided by the legislature and award benefits under circumstances where an employee did not satisfy the statutory requirements for such an award. Instead, "courts are obliged to interpret statutes as they find them and to faithfully apply them according to their plain meaning." *Patterson v. Prime Package & Label Co., LLC*, No. M2013-01527-WC-R3-WC, 2014 Tenn. LEXIS 1037, at \*15 (Tenn. Workers' Comp. Panel Dec. 22, 2014). In other words, we must "enforce the law impartially as written." *Id.*

### C. Referral to Penalty Unit

While we cannot affirm the trial court's order for medical benefits because Employee failed to satisfy her burden of proof under the standard applicable to expedited proceedings, there are questions about whether Employer met the obligations imposed upon it by section 50-6-204. Specifically, rather than providing Employee a panel of physicians, Employer denied the claim shortly after it was reported, concluding that, "[b]ased on the prior medical records, the claimant has chronic back issues not work related. There is no specific event that occurred that caused a compensable work injury. Does not meet the definition of a work related injury or accident." However, as far as this record shows, Employee described a particular event at work on a particular day resulting in particular symptoms, and Employer did not obtain a medical opinion regarding whether Employee's complaints were causally related to the incident at work until over five months after learning of the accident. The notice of denial reflects that Employee was not seen by an authorized physician, even though she told her supervisor she hurt her back retrieving ice and could not work for vacationing co-workers as the supervisor had requested. She also told Employer's safety officer what happened when he interviewed her on October 5, 2016, yet no panel of physicians was forthcoming.

---

[5] *See Lambert v. Famous Hospitality*, 947 S.W.2d 852, 854 (Tenn. 1997) ("Having largely lost control of the employee's medical care by failing to provide the list of physicians as required by [statute], the employer may not now seek to regain control by its belated attempt at compliance."); *CNA Ins. Co. v. Transou*, 614 S.W.2d 335, 337-38 (Tenn. 1981) ("An employer who denies all liability for an accident and injury claimed by an employee is in no position to insist upon the statutory provisions respecting the choosing of physicians."); *Hackney v. Integrity Staffing Solutions, Inc.*, No. 2016-01-0091, 2016 TN Wrk. Comp. App. Bd. LEXIS 29, at \*8 (Tenn. Workers' Comp. App. Bd. July 22, 2016) ("An employer may risk being required to pay for unauthorized treatment if it does not provide the treatment made reasonably necessary by the work injury as required by Tennessee Code Annotated section 50-6-204(a)(1)(A).").

While the law is no longer given a remedial construction, *see* Tennessee Code Annotated section 50-6-116, it still sets forth obligations borne by employers. Providing a panel of physicians to employees who come forward with evidence of having sustained a work-related injury is one such obligation. Accordingly, we refer Employer to the Penalty Unit of the Bureau of Workers' Compensation for appropriate action, if any, based on Employer's failure to provide a panel of physicians in accordance with section 50-6-204 and Tenn. Comp. R. & Regs 0800-02-01-.25. *See* Tenn. Comp. R. & Regs. 0800-02-24-.03 (2015) ("In addition to referrals made by a workers' compensation judge, any [Bureau] employee may refer any person or entity to the penalty program for the assessment of a civil penalty whenever the referring employee believes that there may have been a violation of the [Bureau's] rules or the Tennessee Workers' Compensation Act.").

## Conclusion

For the foregoing reasons, the trial court's decision is affirmed in part, reversed in part, and the case is remanded for any further proceedings that may be necessary. Upon its filing, a copy of this opinion will be provided to the Penalty Unit of the Bureau of Workers' Compensation in accordance with Tenn. Comp. R. & Regs. 0800-02-24-.03 (2015) for consideration of whether a penalty assessment against Employer is warranted.

FILED

May 18, 2017

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 9:45 A.M.



**TENNESSEE BUREAU OF WORKERS' COMPENSATION
WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| Patrice Berdnik | ) | Docket No.    2016-04-0328 |
| | ) | |
| v. | ) | State File No.  78710-2016 |
| | ) | |
| Fairfield Glade Community Club, et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 18th day of May, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Patrice Berdnik | | | | | X | Plkkwkan58@gmail.com |
| Mary Dee Allen | | | | | X | mallen@wimberlylawson.com |
| Robert V. Durham, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov